**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLEN MILLER and DONNA MILLER, | : | CASE NO.: 16-18153-ref |
| Debtors. | : | CHAPTER 7 |
| Glen Miller and Donna Miller, Plaintiffs | : : | Adversary Proceeding No. |
| v. | : : | Complaint for Violation of Discharge Injunction |
| ARS National Services, Inc., and Citibank, N.A. Defendants | : : : | 11 U.S.C. § 524 |

**COMPLAINT FOR VIOLATION OF DISCHARGE INJUNCTION AND RELATED CLAIMS**

AND NOW COME Plaintiffs, Glen Miller and Donna Miller, with Complaint for Violation of the Discharge Injunction and other related claims against Defendants, ARS National Services, Inc. and Citibank, N.A., and in support thereof avers:

**Introduction**

1. Plaintiffs are Debtors, Glen and Donna Miller, individuals with an address of 1118 Horizon Dr. Pen Argyl, PA 18072.

2. Upon information and belief, Defendant ARS National Services, Inc. (hereafter "ARS"), is a California corporation with a principal place of business of 201 West Grand Ave., Escondido, CA 92025.

3. Upon information and belief, Defendant Citibank, N.A. is a federally chartered depository institution with headquarters located at 701 East 60th Street North Sioux Falls, South Dakota 57104.

1

4. The Court has jurisdiction over the proceeding pursuant to Sections 1334, 1367, and 157(b) of Title 28 of the United States Code.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

6. Plaintiff consents to entry of a Final Order in this Adversary Proceeding by the Bankruptcy Court.

7. Plaintiffs filed the above-captioned Chapter 13 Bankruptcy case on November 23, 2016 (the "Petition Date").

8. Plaintiffs converted the matter to Chapter 7 on August 7, 2017.

9. Plaintiffs received a Chapter 7 discharge on November 15, 2017.

10. The case was closed on November 15, 2017.

11. The case was re-opened on September 24, 2018 for the purposes of pursuing this Complaint.

**Relevant Facts**

12. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

13. Plaintiffs filed their Bankruptcy Schedules and Statements along with their Chapter 13 Petition on November 23, 2016.

14. On Schedule F, Plaintiffs listed Defendant Citibank, N.A. as a general unsecured creditor.

15. On February 12, 2017, the Bankruptcy Noticing Center (BNC) mailed the Notice of Meeting of Creditors to all creditors including Citibank, N.A.

16. Sometime after Plaintiffs received their discharge, Donna Miller began to receive debt collection notices from ARS. regarding a Citibank, N.A. debt for account number ending in 0724 for $2,989.08 for her pre-petition Home Depot Credit Card.

17. It is believed and therefore averred that Plaintiffs received several letters from ARS regarding this debt.

18. As a result, the undersigned sent an additional warning letter to Citibank, N.A. on June 26, 2018 asking that they cease and desist sending these collection notices.

19. Thereafter, Plaintiffs received at least one additional collection notice from ARS dated July 13, 2018.

20. As a result, the undersigned sent an additional warning letter to ARS on July 27, 2018 asking they cease and desist sending these collection notices.

21. Thereafter, Plaintiffs received at least one additional collection notice from ARS dated August 11, 2018.

### COUNT I
### Plaintiffs vs. All Defendants
### Violation of the Discharge Injunction Pursuant to 11 U.S.C. § 524

22. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

23. ARS's sending of these collection notices constitutes a violation or violations of the discharge injunction of § 524 as it relates to a debt discharged in Debtors' Chapter 7 bankruptcy.

24. ARS sent these notices at the direction of Citibank, N.A.

25. ARS acted as an agent of Citibank, N.A.

26. Pursuant to 11 U.S.C. § 524(a)(2), a discharge "operates as an injunction against the commencement or continuation of the action, the employment process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

27. 11 U.S.C. § 105(a) empowers the bankruptcy court to exercise its equitable powers, where "necessary or appropriate" to carry out the provisions of the Bankruptcy Code.

28. Bankruptcy courts have regularly exercised their contempt power under 11 U.S.C. § 105 in order to remedy violations of the discharge injunction. See, e.g., Thomas v. City of Philadelphia, Civ. A. No. 15-3422 (E.D. Pa. Aug. 21, 2017).

29. Bankruptcy courts within this Circuit have previously held creditors in civil contempt for violating a confirmation and a discharge order. See Thomas v. City of Philadelphia, Civ. A. No. 15-3422 (E.D. Pa. Aug. 21, 2017); see also Bessette v. Avco Financial Services., Inc., 230 F.3d 439, 444-45 (1st Cir.2000) (finding the bankruptcy court may use its equitable powers under 11 U.S.C. § 105 to enforce a discharge injunction notwithstanding the fact that 11 U.S.C. § 524 does not create a private cause of action).

30. In addition to its statutory civil contempt powers, the bankruptcy court has the inherent ability to sanction parties for misconduct. See In re Weiss, 111 F.3d 1159, 1171 (4th Cir.1997).

31. This inherent power to sanction may be used in combination with or instead of the bankruptcy court's other powers. See Hardee v. Mitchell, 165 F.3d 18, 1998 WL 766699, *3 (4th Cir.1998) (unpublished) (citing Weiss, 111 F.3d at 1171).

32. A court may impose civil contempt sanctions where there is clear and convincing evidence that: "(1) a valid order of the court existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order." In re Meyers, 344 B.R. 61, 65 (Bankr. E.D. Pa. 2006) (citing Robin v. Woods, 28 F.3d 396, 399 (3d Cir. 1994)).

33. A valid discharge order exists.

34. Defendants were aware that the discharge order.

35. The Defendants intentionally violated the discharge order and discharge injunction by sending multiple statements to the Debtor despite the discharge of the debt.

**WHEREFORE**, as Defendants have intentionally violated the discharge injunction, the Debtors respectfully request that this Honorable Court enter an Order stating:

   a. Defendants willfully violated the discharge injunction of the Bankruptcy Code;

   b. Defendants are subject to reasonable damages compensating the Debtors;

   c. Defendants are entitled to reasonable attorney's fees and costs for pursuing this motion;

   d. Defendants are subject to punitive actions due to its actions directly towards the Debtors;

   e. Any other remedy this Honorable Court shall deem fit.

**COUNT II**
**Plaintiffs vs. ARS National Services, Inc.**
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692**

36. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

37. ARS is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a(6).

38. ARS's continued mailing of statements seeking payment of a discharged debt violates several provisions of the FDCPA including the prohibition of false or misleading representations. 15 U.S.C. § 1692e.

39. Specifically, the letters are misleading as to the character of the debt. The letter would leave a reader to believe that it is a valid debt when in fact, it is discharged.

40. Each letter sent by ARS constitutes a separate violation of the FDCPA.

41. Plaintiffs are entitled to actual and/or statutory damages for each violation of the FDCPA. 15 U.S.C. § 1629k.

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FDCPA, Plaintiff requests judgment for actual and/or statutory damages as authorized by statute for each violation as well as attorney's fees and costs.

## COUNT III
### Plaintiffs vs. ARS National Services, Inc.
### Violation of the Fair Credit Extension Uniformity Act, 73 P.S. 2270.4

42. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

43. A debt collector's violation of the FDCPA constitutes a per se violation of the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA). 73 P.S. § 2270.4(a).

44. Remedies for violations of the FCEUA include those set forth at 73 § 201-1 et seq. including treble damages and attorney's fees and costs.

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FCEUA, Plaintiff requests judgment for treble damages as authorized by statute as well as attorney's fees and costs.

## COUNT IV
### Plaintiffs vs. Citibank, N.A.
### Violation of the Fair Credit Extension Uniformity Act, 73 P.S. 2270.4

45. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

46. ARS acted under the direction and authority of Citibank, N.A.

47. ARS is an agent of Citibank, N.A.

48. The letters sent by ARS are false, deceptive or misleading representations as to the character or legal status of the debt. 73 P.S. § 2270.4(b)(5).

49. Specifically, the letters are misleading as to the character of the debt. The letter would leave a reader to believe that it is a valid debt when in fact, it is discharged.

50. Remedies for violations of the FCEUA include those set forth at 73 § 201-1 et seq. including treble damages and attorney's fees and costs.

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FCEUA, Plaintiff requests judgment for treble damages as authorized by statute as well as attorney's fees and costs.

### COUNT V
### Plaintiffs vs. All Defendants
### Violation of the Unfair Trade Practices and Consumer
### Protection Law (UTPCPL), Pa. Stat. Ann. tit. 73, § 201-1 et seq.,

51. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

52. Violations of the FCEUA are per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) of 73 P.S. 73 § 201-1 et. seq. 73 P.S. 2270.5(a).

53. As ARS and Citibank, N.A. violated the FCEUA as set forth above, they violated the UTPCPL.

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FCEUA, Plaintiff requests judgment for treble damages as authorized by statute as well as attorney's fees and costs.

Date: September 27, 2018                    /s/ Patrick J. Best
                                            Patrick J. Best, Esquire
                                            Attorney for Debtor
                                            ARM Lawyers
                                            18 N. 8th St.
                                            Stroudsburg PA 18360
                                            570-424-6899